BRYAN, Justice
(concurring in part and dissenting in part).
This case concerns the standard of review a hearing officer is to apply in reviewing an employer’s decision to dismiss an employee under the Students First Act, § 16-24C-1 et seq., Ala.Code 1975 (“the *771 SFA”). I agree with the main opinion that we should reverse the hearing officer’s decision and remand the case for the hearing officer to apply the proper standard of review; however, I disagree with the main opinion regarding the proper standard of review. The SFA requires a hearing officer to give “deference” to an employer’s decision to dismiss an employee. § 16-24C-6(e), Ala.Code 1975. It is unclear precisely what standard of review the legislature meant to establish by simply using the term “deference.” Unfortunately, “[t]he concept of deference is admittedly fuzzy, embracing everything from a perfunctory nod to craven acquiescence.” Frank M. Coffin, On Appeal: Courts, Lawyering, and Judging 260 (W.W. Norton & Co. 1994). The main opinion concludes that in the SFA the legislature in fact established the arbitrary-and-capricious standard of review; however, I interpret the SFA as establishing a less deferential standard.
First, I note that the arbitrary-and-capricious standard is “extremely” deferential, Ex parte Dunn, 962 So.2d 814, 816 (Ala.2007); however, the legislature here instructed that an employer’s decision merely be given “deference.” The two acts that the SFA replaced, the former Teacher Tenure Act and the former Fair Dismissal Act, both expressly used the arbitrary-and-capricious standard. Had the legislature intended to have the arbitrary- and-capricious standard apply also to actions under the SFA, it easily could have done so, but it chose not to. Further, the legislature rejected a proposed version of the SFA that expressly established the arbitrary-and-capricious standard. “[A] strong inference is established by the Legislature’s deletion during the legislative process of language in prior versions of the bill.” Ex parte Emerald Mountain Expressway Bridge, L.L.C., 856 So.2d 834, 840 (Ala.2003). These factors suggest that the “deference” mandated by the SFA corresponds to a standard other than the extremely deferential arbitrary-and-capricious standard.
With the arbitrary-and-capricious standard off the table, I conclude that the legislature intended to create a standard of review similar to the “clearly erroneous” standard of review, a common standard in federal courts. The “clearly erroneous” standard is deferential, but not as deferential as the arbitrary-and-capricious standard. See Paul R. Verkuil, An Outcomes Analysis of Scope of Review Standards, 44 Wm. & Mary L.Rev. 679, 687-88 (2002). “ ‘A finding is “clearly erroneous” when although there is evidence to support it, the reviewing court [or, as here, a hearing officer,] on the entire evidence is left with a definite and firm conviction that a mistake has been committed.’ ” Anderson v. Bessemer City, 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 394-95, 68 S.Ct. 525, 92 L.Ed. 746 (1948)). I see the standard under the SFA as being similar. This standard should have some flexibility in its application. As in the “clearly erroneous” standard, “the presumption of correctness that attaches to factual findings is stronger in some eases than in others.” Bose Corp. v. Consumers Union of U.S., Inc., 466 U.S. 485, 500, 104 S.Ct. 1949, 80 L.Ed.2d 502 (1984). “ ‘The conclusiveness of a “finding of fact” depends on the nature of the materials on which the finding is based.’ ” 466 U.S. at 500 n. 16 (quoting Baumgartner v. United States, 322 U.S. 665, 670-71, 64 S.Ct. 1240, 88 L.Ed. 1525 (1944)). Although the same standard would apply “to findings based on documentary evidence as to those based entirely on oral testimony, ... the presumption has lesser force in the *772 former situation than in the latter.” Id. at 500.
I would reverse the hearing officer’s decision and remand the case for the hearing officer to consider the employer’s decision in light of the standard discussed above rather than the arbitrary-and-capricious standard.
WISE, J., concurs.